T.C. Memo. 2005-63

UNITED STATES TAX COURT

EDGAR B. AND MONICA ALACAN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9088-02.                    Filed March 30, 2005.

Edgar B. and Monica Alacan, pro sese.

<u>Diana P. Hinton</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

HAINES, <u>Judge</u>:  Respondent determined a deficiency of

$87,751 in petitioners' Federal income tax for 1999.  The issues

for decision are: (1) Whether petitioners are entitled to claim

certain expenses as an exclusion from income and as deductions

for 1999; and (2) whether petitioners are liable for an increased

deficiency on the basis of a State income tax refund and interest

income on such refund received in 1999 but not reported on their 1999 tax return.

Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code, as amended.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time they filed the petition, petitioners resided in Staten Island, New York.

Petitioners filed their 1998 tax return with the filing status of "Married filing joint return". On their Schedule A, Itemized Deductions, petitioners claimed $18,497 for State and local income taxes paid in 1998.

During 1999, petitioners received a refund of $14,984 of the amount paid on their 1998 State income taxes and interest income on the refund of $149.35.

Petitioners filed their 1999 tax return with the filing status of "Married filing joint return". Petitioners did not report any income for "Taxable refunds, credits, or offsets of state and local income taxes". Petitioners excluded $236,761 from gross income. Attached to the 1999 tax return is a letter dated January 31, 2000, which states:

This letter is to confirm that Edgar B. Alacan, as an employee of J.W. Barclay & Co., sustained $236,761 in after

tax expenses for the 1999 tax year. * * * A detailed list of all transactions will be provided if needed by request.

Petitioners also claimed $40,248 as "Unreimbursed employee expenses" on the Schedule A.

On April 3, 2002, respondent sent petitioners a notice of deficiency in which respondent determined a deficiency of $87,751. Respondent disallowed petitioners' exclusion from gross income of $236,761, explaining that the amount "has been adjusted to the amount verified." Further, respondent disallowed petitioners' claimed employee business expense of $40,248 reported on the Schedule A, explaining that "you did not establish that the business expense shown on your tax return was paid or incurred during the taxable year and that the expense was ordinary and necessary to your business".

On May 28, 2002, the Court filed petitioners' petition disputing $39,826 of respondent's disallowance of business expenses and the exclusion from gross income of $236,761. Petitioners argued that they could substantiate the disallowed amounts.

On June 19, 2003, respondent filed an amended answer with leave of the Court in which respondent alleged that the deficiency of $87,751 should be increased to $93,923 to reflect petitioners' receipt of a refund of their 1998 State and local income taxes plus interest income on such refund which was unreported as income on the 1999 tax return.

OPINION

I.   Claimed Expenses

Deductions are a matter of legislative grace, and a taxpayer bears the burden of proving that he has complied with the specific requirements for any deduction he claims.[1]  See INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

Under section 162, a taxpayer may deduct all ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business if the taxpayer maintains records or other proof sufficient to substantiate the expenses. Sec. 162(a); sec. 6001; Deputy v. duPont, 308 U.S. 488, 495-496 (1940); sec. 1.6001-1(a), Income Tax Regs.

If a claimed business expense is deductible, but the taxpayer is unable to substantiate it, we are generally permitted to approximate the amount of the expense, bearing heavily against the taxpayer whose inexactitude is of his own making.  Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).  The estimate, however, must have a reasonable evidentiary basis.  Vanicek v. Commissioner, 85 T.C. 731, 743 (1985).

---

[1]  Petitioners do not argue that the burden of proof shifts to respondent pursuant to sec. 7491(a) and that the threshold requirements of sec. 7491(a) have been met.  In any event, we decide the issue on the basis of the preponderance of evidence on the record.

Petitioners failed to provide substantiation for any of the claimed expenses that respondent disallowed. During trial, petitioners did not provide any testimony or written documentation for substantiation purposes. Further, we find that petitioners put forth little effort in trying to obtain the required documentation since they became aware of the deficiency more than 2 years ago.

As a result, we hold that petitioners are not entitled to claim the disputed expenses as deductions. In light of the lack of evidence on the record substantiating any of petitioners' claimed expenses, we also hold that petitioners are not entitled to exclude the disputed expenses from income.

II. State Income Tax Refund

Generally, if an amount was deducted on a prior year's tax return which resulted in a reduction of tax and a tax benefit to the taxpayer, a subsequent recovery by the taxpayer of such amount must be included in gross income in the year the recovery is received. Sec. 111(a); Kadunc v. Commissioner, T.C. Memo. 1997-92. Therefore, gross income includes a refund of State income tax in the year received to the extent that the payment of such tax was claimed as a deduction in a prior taxable year which resulted in a reduction of Federal income tax. See Kadunc v. Commissioner, supra.

The burden of proof with regard to this issue is on respondent because he asserted an increased deficiency in an amended pleading. Rule 142(a). Respondent established petitioners' receipt of the State income tax refund and accompanying interest income by placing into evidence certified documents from the New York State Department of Taxation and Finance, which report that petitioners received a State income tax refund and interest income with regard to the State income taxes paid for 1998 in 1999. Further, the parties placed into evidence petitioners' 1998 tax return, which reported a claimed deduction for State income taxes paid in 1998 that reduced petitioners' tax for 1998, and petitioners' 1999 tax return, which did not report as income the State income tax refund and interest income received in 1999.

Petitioners did not provide any evidence to dispute their receipt of the refund and interest income in 1999 and their failure to report such as income on their 1999 tax return. In fact, the parties stipulated that petitioners received the State income tax refund and applicable interest income in 1999 and did not include such income on their 1999 tax return. On the basis of the evidence on the record, we hold that petitioners are liable for the increased deficiency because of their receipt of a State income tax refund and applicable interest income during 1999.

In reaching our holdings herein, we have considered all arguments made, and, to the extent not mentioned above, we conclude that they are irrelevant or without merit.

To reflect the foregoing,

<u>Decision will be entered for respondent.</u>